UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL D. BURDETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00426-MTS |
| ) | |
| RANDI BROWN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On April 13, 2023, the Court ordered plaintiff Paul D. Burdette to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within thirty days. Doc. [2]. More than thirty days have elapsed, and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Federal Correctional Institution in Marianna, Florida. On April 4, 2023, he filed a civil action pursuant to 42 U.S.C. § 1983, alleging that defendant had deliberately misled a civil court, resulting in an order for him to pay child support. Doc. [1]. The complaint was not accompanied by a motion for leave to proceed in forma pauperis, and plaintiff did not pay the required filing fee. *See* E.D. Mo. L.R. 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis").

On April 13, 2023, the Court ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Doc. [2]. The Court also directed the Clerk of Court to send to plaintiff a copy of its application for leave to proceed in forma pauperis form, to aid his compliance. Plaintiff was given thirty days in which to respond. The Court advised him that his failure to either pay the fee or file a motion for leave to proceed in forma pauperis would result in the dismissal of this action without prejudice and without further notice.

## Discussion

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law").

Pursuant to Rule 41(b), if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss an action under Rule 41(b) on its own motion. *See Brown*, 806 F.2d at 803 (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

As noted above, on April 13, 2023, the Court ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the full filing fee. Plaintiff was given thirty days in which to comply, and warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice. His response was due on or before May 15, 2023. The deadline for plaintiff to either file for leave to proceed in forma pauperis or pay the fee has expired. Indeed, the Court has given plaintiff more than thirty days to fulfill the order's requirements. Despite being given additional time, plaintiff has not filed a motion for leave to proceed in forma pauperis, he has not paid the filing fee, and he has not sought an extension of time in which to do either.

Because plaintiff has not complied with the Court's order of April 13, 2023, and because he has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of April 13, 2023. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

Dated this 30th day of May, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE